MARÍA RUIZ, Plaintiff and Appellee, *v.* JUSTINO BARRETO, Defendant and Appellant, and ANA LUISA RODRÍGUEZ, ETC., Defendant.

No. 6252. Argued March 14, 1934.—Decided March 31, 1934.

*Luis Vergne Ortiz* for appellant.   *Carlos D. Vázquez* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is a proceeding to enforce a homestead claim. It was instituted in the Municipal Court of San Juan, where it was decided in favor of the plaintiff. It was appealed to the district court, which also decided it in favor of the plaintiff. It is now before this Supreme Court on an appeal, wherein six errors are assigned as having been committed by the trial court. The latter in its statement of the case and opinion, reviews the facts as follows:

"José Machado and his wife, María Ruiz, the plaintiff herein, acquired by deed No. 40, of October 9, 1920, a certain lot described in the complaint and on which they built a house where they lived with their children. On October 22, 1926, the said spouses, Machado-Ruiz, constituted by deed No. 183 executed before Notary Enrique Campillo Abrams, a voluntary mortgage in favor of the defendant, Justino Barreto Aldahondo, to secure a loan of $400, with interest thereon at the rate of 1 per cent per month, and an additional sum of $100 for costs, expenses, and attorney's fees. Of these $400, $250 *were used to cancel an existing mortgage on the property, and a verbal agreement or offer was made that the creditor should use the remaining $150 for improvements upon the premises.* The Machado-Ruiz spouses continued to live in their house, and after the death of her husband, José Machado, his widow, María Ruiz, the present plaintiff, remained there with her minor children. Under these circumstances, Justino Barreto, the creditor, proceeded to foreclose his mortgage, and when the auction was held, the property was awarded to him. He took possession of the same and later sold it to Ana Luisa Rodríguez, its present holder. After she had vacated the house and turned it over to Barreto, María Ruiz filed this complaint in the Municipal Court of San Juan against the creditor, Justino Barreto, and the present owner of the property, Ana Luisa Rodríguez, claiming the sum of $500 for the homestead interest she alleged that she had in said property. The trial having been held, the Municipal Court of San Juan, First Section, rendered a judgment on May 10,

1932, sustaining the complaint as against the defendant Justino Barreto, but dismissing it in regard to the co-defendant Ana Luisa Rodríguez, and adjudged the former to pay to the plaintiff the sum of $500, without costs. From that judgment only Justino Barreto appealed to this district court."

Then follows a summary of the questions to be decided, thus:

"1.—Whether the fact that a part of the loan was used to pay a previous mortgage prevents the debtor from successfully claiming the right of homestead, at least in regard to the said sum of $250 that was used to cancel the said mortgage; and

"2.—Whether the fact that it was agreed to use the rest of the loan for improvements also prevents the debtor from enforcing her homestead right when, in reality, said money was not actually used by the debtor to improve the property."

The court decided both questions in the negative, and proceeded to render the judgment which gave rise to the present appeal.

Although the assignments cover more ground than appears from the foregoing facts, we shall limit our study to these because they are the essential ones. The appellant's attorney himself did so, confining his oral argument at the hearing of the appeal, to the third and fourth assignments, which refer to those facts. The remaining assignments are manifestly without merit.

It seems fair to state at the outset that the appellee in her brief maintains that the trial court went too far in considering as proved that the money lent by the defendant was used in part ($250) to cancel the existing mortgage on the plaintiff's property, and also in finding that it was verbally agreed that the rest of the loan ($150) should be used to improve the property; and that she may be right in her contention. At least, the public document evidencing said loan contains no reference whatever to said agreements.

Putting that aside, however, and starting from the basis established by the lower court, let us see whether or not the said questions were properly decided in the negative.

The third assignment is formulated thus:

"The court erred in holding that the fact that a previous mortgage had been paid with a part of the loan does not prevent the debtor from successfully claiming the right of homestead, in so far as the sum that was used to cancel said mortgage is concerned."

Our statute in regard to the matter provides that the homestead exemption shall not apply to an execution levied upon the property for the taxes due thereon, or purchase price of said property, or *liability incurred for the improvements placed thereon.* Therefore, the defense set up in this case could have been successful only if it had been shown that the mortgage, which was canceled with a part of the money that the defendant loaned to the plaintiff, had been constituted to meet all, any, or some of the said liabilities; but it was not so shown.

The error, then, that the defendant-appellant attributes to the court under the third assignment, was not committed. Let us examine the fourth. It reads as follows:

"The court erred in ruling that the creditor was not entitled to claim the borrowed money that was to be used for improvements, when the same were not made, and in declaring that the agreement or promise to make such improvements was not sufficient."

This error was not committed, either, in our opinion. All that was alleged in the answer and proved, at most, at the trial was—

"1.—That according to deed No. 183, the said loan of $400 was made for the cancellation of a mortgage of $250 and the interest thereon owed by the said property, and the remainder of said loan was for the purpose of finishing the work of constructing the said property and of making improvements thereon."

We thoroughly agree with the trial court that the law in force in Puerto Rico requires something more. It requires that the liability incurred be "for the improvements placed thereon," that is, on the property constituted as a homestead. Section 1 of the Act to define homestead and to exempt it

from forced sale, approved March 12, 1903. Code of Civil Procedure, 1933 edition, p. 306.

In his oral argument, counsel for the appellant called attention to the provisions of section 4 of said act, and maintained that if section 1 is construed in harmony with section 4, it must be concluded that it is not necessary that the improvements be *actually* made, it being sufficient that the money was borrowed for that purpose.

We do not agree. The proviso of section 4 invoked reads as follows:

"*Provided,* that this section shall not apply to any sale made to enforce the payment of taxes due on said property, or a debt or liability incurred for the purchase of the same, *or for the improvements thereon,* or when said sale is made by virtue of any conveyance releasing or waiving such exemption as provided by section three of this act."

The italics are ours, and by fixing the attention on the italicized words it is seen that they are in complete harmony with section 1. "For the improvements thereon," says the English text, which impliedly retains the word "placed" of section 1.

The construction we give to the Puerto Rican statute is in harmony with that given on the continent to similar laws. See 29 C.J. 868–870.

The judgment appealed from must be affirmed.